NOT FOR PUBLICATION                                                    [9,13]

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                            :
MUHAMMAD HAJJ HANIFI                        :
IBN ABDULLAH,                               :
                                            :
                    Plaintiff,              :
                                            :        Civil No. 05-4236 (FLW)
          v.                                :
                                            :              **OPINION**
DEPARTMENT OF                               :
CORRECTIONS et al.,                         :
                                            :
                    Defendant.              :
_____:


**WOLFSON,** District Judge

      Presently before the Court is a Motion by Plaintiff, Muhammad Hajj Hanifi Ibn Abdullah

("Abdullah"), pursuant to Fed. R. Civ. P. 60(b) to Vacate this Court's June 16, 2006 Order

denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion to Dismiss.

Specifically, Plaintiff argues that this Court "inadvertently misunderstood the factual basis and

circumstances involved in his Complaint.""  Defendant contends that Plaintiff's Motion is better

understood as a Motion for Reconsideration pursuant to L. Civ. R. 7.1(i) because Plaintiff asks

that this Court "reconsider its order of June 16, 2006."  Although, as discussed below, this Court

finds that Plaintiff's Motion is without merit under either Local Rule 7.1 or Rule 60(b), for the

sake of thoroughness, the Court will consider the motion under both rules.   The Court has

considered the moving, opposition and reply papers, and for the reasons stated in the opinion

below, Plaintiff's Motion is denied.

## I. Background

Plaintiff, Abdullah, is currently incarcerated in Bayside State Prison serving a life sentence which he began on May 31, 1974.  On August 28, 1990, Plaintiff was approved to take part in a halfway house program and on November 26, 1990 was transferred to the Volunteers of America ("VOA"), a halfway house program in Camden, NJ.  On April 17, 1991, after several checks of the facility, the VOA staff determined that Plaintiff was not in the facility, and Plaintiff's case manager executed a disciplinary report charging Plaintiff with prohibited act *.101 – escape.  This report was placed in Plaintiff's file to be completed upon his return. Subsequently, on June 10, 1991, an indictment was filed against Plaintiff charging him with the criminal charge of escape.

 On August 15, 1991, Plaintiff was arrested in the state of Delaware and was returned to the custody of the New Jersey Department of Corrections on January 10, 1992.  Immediately upon Plaintiff's return, Sargent J. Flowers filed a Request for Authorization for Pre-hearing Detention due to the disciplinary charge against plaintiff stemming from his escape.  The pre-hearing detention was authorized by Lieutenant B. Parks and Plaintiff was placed in pre-hearing detention at 12:40 p.m.   Less than two hours later, at 1:50 p.m., Sgt. Mullen served Plaintiff with a copy[1] of the escape disciplinary charge.

_____

[1]Indeed, because the original *.101 disciplinary charge was in Abudllah's file at VOA, it was not at Garden State Reception and Youth Correctional Facility ("Garden State"); thus, Plaintiff was provided with a faxed copy from VOA.

2

On January 13, 1992, Officer John W. Oszvart held a disciplinary hearing on Plaintiff's disciplinary charge of escape.  Plaintiff signed the Adjudication of Disciplinary Charge indicating that he was denying counsel substitute. Officer Oszvart found plaintiff guilty of *.101 escape and sanctioned plaintiff to 15 days detention, 300 days of administrative segregation and 180 days loss of commutation time.  Subsequently, on January 13, 1992, at 5:40 pm, Plaintiff filed an institutional appeal of the disciplinary decision.  Jeffrey Burns, the Administrator of Garden State, issued a decision on January 15, 1992, upholding Officer Oszvart's decision.

On December 16, 1992, Plaintiff filed a second institutional appeal alleging that he was denied due process because he was never served with an original written copy of the disciplinary report and that the hearing officer and prison officials refused to comply with administrative standards.  In response, Administrator Burns advised Plaintiff that he had reviewed Plaintiff's two appeals, the charge and sanction.  Burns indicated that the original charge was faxed to Garden State on January 10, 1992, from the regional institution, Riverfront State Prison, which serves the half-way house program from which Plaintiff escaped on April 17, 1991.  Burns also noted that Plaintiff was served with the escape charge on 1:50 pm that same date.  For these reasons, Burns found no violation of Plaintiff's due process explaining that Plaintiff was given adequate notice of the charge, and Burns declined to address Plaintiff's second appeal holding that his first decision, rendered on January 15, 1992, was still valid.

On June 28, 1993, Plaintiff pled guilty to Third Degree Escape in New Jersey Superior Court, Camden County.  Thereafter, on August 25, 2005, Plaintiff filed a Complaint in the U.S. District Court for the District of New Jersey alleging violations of 42 U.S.C. §1983; specifically,

Plaintiff claimed that the State Defendants violated his due process rights by allegedly failing to follow proper procedure by not providing Plaintiff with the original copy of the escape disciplinary charge, and proceeding in the disciplinary process without the original written charge.   On January 4, 2006, Plaintiff filed a Motion for Summary Judgment, and, on February 7, 2006, Defendants filed a Motion to Dismiss the Complaint, or, in the alternative, for Summary Judgment.  On June 16, 2006 this Court entered an Order denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion to Dismiss.

Thereafter, on July 24, 2006, Plaintiff filed the instant Motion pursuant to Fed. R. Civ. P. 60(b) alleging that this Court inadvertently misunderstood the factual basis for the Complaint. Importantly, however, the only factual mistake that Plaintiff identifies is that although Plaintiff signed the form indicating that he did not want to receive the services of a "counsel substitute", he did not sign a form indicating that he was denying "counsel" as stated in the Court's June 16 Order.  Pl's Affidavit ¶ 11.  Other than that error, Plaintiff restates his claim that the January 13, 1992 hearing before Officer Oszvart "was based on information that he did not possess (i.e., the legitimate Disciplinary Report Form .259 Escape Charge)", Pl's Affidavit ¶ 13, and that because the "original unprocessed Disciplinary Report" was discovered in his file in 2005 by a Bayside State Prison Corrections Officer, neither Officer Oszvart nor Plaintiff had the original copy of the escape charge, thus Plaintiff's due process rights were violated.

4

## II. Discussion

A. Motion for Reconsideration Pursuant to Local Civil Rule 7.1(i)[2]

Local Civil Rule 7.1(i) allows a party to seek reconsideration if there "matter[s] or controlling decisions which the party believes the Judge… has overlooked." L. Civ. R. 7.1(i).  If the party believes there are matters that were overlooked he may file a Motion for Reconsideration "within 10 business days after the entry of the order or judgment on the original motion."

However, it is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through -- rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision. See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J.1992), aff'd, 37 F.3d 1485 (3d Cir.1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)  Instead, Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J.2 005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J.2001). It is well-

---

[2] While the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), the Local Civil Rules governing the District of New Jersey do provide for such a review. See Lite, N.J. Federal Practice Rules, Comment 6 to L. Civ. R. 7.1 (Gann 2005).  Courts in this district have routinely held that although Local Civil Rule 7.1(i) is entitled "Motions for Reargument," "'[r]econsideration' and 'reargument' are interchangeable terms," and, however denominated, are governed by the rule. Public Interest Research Group v. Yates Indus., 790 F. Supp. 511, 512 n.1 (D.N.J. 1991).  Consequently, motions for reconsideration filed in the District of New Jersey are governed by L. Civ. R. 7.1(i), rather than Fed. R. Civ. P. 59(e). Compaction Sys. Corp., 88 F. Supp. 2d at 345.

established that a court may only grant a motion for reconsideration if the movant can show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).  In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J.1999). Because reconsideration is "an extraordinary remedy," it is "to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J.1996); Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J.1986).  Indeed, a party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; instead, he or she should seek relief through the normal appellate process. Chicosky v. Presbyterian Med. Ctr., 979 F.Supp. 316, 318 (D.N.J.1997); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 163 (D.N.J.1988).

To begin, there are several reasons why Plaintiff cannot succeed on a Motion for Reconsideration pursuant to Rule 7.1(i). Initially, the Court notes that pursuant to Rule 7.1(i), a Plaintiff has 10 days from the date of the Order on the original motion within which to file for Reconsideration.  In the instant matter, this Court issued an Order denying Plaintiff's Motion for Summary Judgment on June 16, 2006.  Thus, Plaintiff would have had until June 30, 2006 to timely file a Motion for Reconsideration.  However, Plaintiff did not file his motion until July 24, 2006.  Thus, pursuant to Rule 7.1(i), Plaintiff's Motion is time-barred.

However, even if Plaintiff's Motion pursuant to Rule 7.1(i) was not time-barred, it would still not meet the substantive requirements of Rule 7.1(i). Indeed, a thorough review of Plaintiff's

moving and reply briefs indicates that Plaintiff has not alleged, let alone established, a clear error

of law or fact, or the need to prevent manifest injustice.  Instead, as evidenced by Plaintiff's

rehashing of the arguments that this Court dismissed in June 2006, Plaintiff merely seems to

disagree with the Court's initial ruling.  In fact, the only alleged error that Plaintiff sets forth in

this motion is that the June 16th Order inadvertently provided that Plaintiff had signed the

Adjudication of Disciplinary Charge indicating that he was denying "counsel" instead of properly

stating that Plaintiff had denied "counsel substitute."  However, not only is there is no indication

that Plaintiff was entitled to counsel at a prison disciplinary hearing on the escape charge[3], but

this misstatement is of no significance in this motion because  these facts were before me during

Plaintiff's Motion for Summary Judgment.  Indeed, Plaintiff's affidavit repeats the same

arguments and facts that he set forth in his summary judgment motion.  For example, Plaintiff

continues to argue that "the disciplinary report of April 17, 1991 was never forwarded to the

appropriate correctional supervisor for processing. . .Had I not spoken with [various officers]

about my experience of having once appeared before a disciplinary hearing officer without the

official written charge allegedly charging me with escape from [VOA] on April 17, 1991, I might

not have ever found out that. . . Officer . . . Oszvart had never been forwarded this . . .disciplinary

report."  Pl's Rep. Br.  In light of this statement, it is apparent that Plaintiff is using the instant

motion to rehash the issues that I disposed of in my June 16th Order.

   In addition, the Court notes that the above statement makes plain that Plaintiff knew of

the alleged violation of his due process rights in 1992.   Plaintiff admits that he spoke with

various officers about his belief that he appeared before a disciplinary officer without the original

---

[3]See infra fn 5.

charge; thus, it is evident that Plaintiff knew he had not received the "official" written charge of

escape – receiving, instead, a faxed copy – at the time of the 1992 disciplinary hearing and his

insistence that this action be tolled is without merit.  Indeed, the Court finds it necessary to

underscore the fact that nothing in the record supports Plaintiff's theory that he did not receive

notice of the disciplinary charge or a hearing.  In fact, the record makes plain that on January 10,

1992 at 1:50 p.m., Sgt. Mullen served Plaintiff with a faxed copy of the *.101 escape disciplinary

charge because the original copy was in Abudllah's file at VOA and not, therefore, at Garden

State.  Thereafter, on January 13, 1992, Officer John W. Oszvart held a disciplinary hearing on

Plaintiff's disciplinary charge of escape.  Plaintiff signed the Adjudication of Disciplinary Charge

indicating that he was denying counsel substitute.  Thereafter, Officer Oszvart found plaintiff

guilty of *.101 escape and sanctioned plaintiff to 15 days detention, 300 days of administrative

segregation and 180 days loss of commutation time.  Plaintiff has not proffered any evidence –

either during his summary judgment motion or the instant motion – to support a theory that

Plaintiff's due process rights were violated because he received a fax copy of the charge nor has

he marshaled any facts to establish that he did not receive a proper hearing.

     Moreover, even if Plaintiff could somehow establish that his due process rights were

violated by the hearing he received or that he did not receive a hearing at all[4], in the June 16

---

[4] Indeed, in his affidavit, Plaintiff now asserts that he is not challenging the fact or
duration of his physical imprisonment nor that he is not seeking a determination that he is
entitled to immediate release. Instead, Plaintiff contends that he is seeking "a legitimate
disciplinary report escape charge and the right to have a disciplinary hearing on the escape
charge." Pl's Affidavit ¶¶ 39 & 42.  As noted above, there is nothing in the facts to suggest that
Plaintiff did not receive the charge or a hearing.  However, even if this was supported by the
facts, and Plaintiff is able to somehow contend that he did not receive a hearing, the result would
still be the invalidity of the punishment Plaintiff received, thus, this must be brought as a habeas
petition.

Order, this Court held that because Plaintiff was challenging the constitutionality of the procedure used in a prison disciplinary hearing, the claim was not cognizable under §1983 and must, instead, be pursued as a habeas petition pursuant to 28 U.S.C. § 2254.  Indeed, success for Plaintiff on either claim would necessarily imply the invalidity of the punishment received; thus, Plaintiff's Motion for Reconsideration on a §1983 charge would still be improper as the matter is properly heard as a habeas petition.  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (holding that a "state prisoner's § 1983 action is barred (absent prior invalidation)- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").  For all these reasons, the Court will deny Plaintiff's Motion for Reconsideration pursuant to Local Rule 7.1(i).

B. Fed. R. Civ. P. 60(b)

Federal Rule of Civil Procedure 60 allows the Court to relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for  a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective

9

application; or (6) any other reason justifying relief from the operation of the judgment." <u>Fed. R. Civ. P.</u> 60.  It is well-established, however, that a Rule 60(b) motion is not to be used as a substitute for an appeal. <u>Pridgen v. Shannon</u>, 380 F.3d 721, 728 (3d Cir. 2004) (citing <u>Martinez-McBean v. Government of Virgin Islands</u>, 562 F.2d 908, 912 (3d Cir. 1977)). Based on Plaintiff's moving and reply papers, this Court understands Plaintiff to argue that the June 16th Order should be set aside pursuant to 60(b)(1) because this Court "inadvertently misunderstood the factual basis and circumstances involved" in Plaintiff's Complaint.  Pl's Br. ¶ 3.

        To begin, as discussed above, Plaintiff has not set forth any specific grounds for the Court to vacate its Order, and, instead, rehashes the exact arguments he set forth in his original Motion for Summary Judgment. Indeed, the only alleged error that Plaintiff has articulated is that in the June 16 Order, this Court inadvertently wrote that Plaintiff had signed the Adjudication of Disciplinary Charge indicating that he was "denying counsel" instead of properly writing that Plaintiff was "denying counsel substitute."  Pl's Aff. ¶ 11.  Not only were these facts before the Court during the consideration of the initial Motion, but even if this vocabulary difference rises to the level of "something new or something overlooked", the distinction between "counsel" and "counsel substitute" is immaterial.  Indeed, as discussed above, Plaintiff is challenging the procedure received during a prison disciplinary hearing; thus, the matter is properly brought as a habeas petition and not as an action under 42 U.S.C. §1983.

        Moreover, even if Plaintiff's affidavit could be understood to allege that he was somehow entitled to counsel at a prison disciplinary hearing – an assertion entirely unsupported by law or

fact[5] – this argument would not be appropriate in this reconsideration motion.   Indeed, it is well-established that a 60(b) motion does not provide a party with the opportunity to introduce new legal theories. See e.g., Hsing-Chow Hwang v. U.S. Dept. of Defense, Head, 2006 WL 2065043, at *2 (D.N.J. 2006)(holding that regardless of the subsection at issue, Rule 60(b) does not allow an "aggrieved party to introduce legal theories that [it] failed to include in its initial motion"); Rastelli Bros., Inc. v. Netherlands Ins. Co., 68 F.Supp.2d 451, 453-54 (D.N.J.1999).  Because Plaintiff has not identified anything to warrant relief from this Court's June 16, 2006 Order, Plaintiff's motion shall be denied.


**III. CONCLUSION**
   For the foregoing reasons, Plaintiff's Motion for Reconsideration pursuant to L. Civ. R. 7.1(i) and/or to vacate the Court's Order pursuant to Fed. R. Civ. P. 60(b) is denied.  An appropriate order will follow.


Dated: January 29, 2007_____      s/ Freda L. Wolfson_____
                                                      Honorable Freda L. Wolfson
                                                      United States District Judge

_____

[5]For example, in Baxter v. Palmigiano, the Supreme Court held that there was "no reason to alter our conclusion. . .that inmates do not have a right to either retained or appointed counsel in disciplinary hearings." 425 U.S. 308, 315 (1976)(citation omitted).

11